**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions, Inc., <br><br>Plaintiff, <br><br>v. <br><br>Francisca Angelica Gonzalez Arvizu, individually and d/b/a/ Taco Mich; and Taco Mich & Bar #4, LLC, an unknown business entity d/b/a Taco Mich <br><br>Defendants. | No. CV-17-03130-PHX-DGC <br><br>**ORDER AND DEFAULT JUDGMENT** |

Plaintiff J & J Sports Productions has filed a motion for default judgment against Defendants Francisca Angelica Gonzalez Arvizu and Taco Mich & Bar #4, LLC, doing business as "Taco Mich." Doc. 16. No response has been filed. For reasons stated below, default judgment is appropriate.

**I.  Background.**

Plaintiff obtains licenses to distribute pay-per-view programming to various commercial establishments, including bars and restaurants. Plaintiff contracted for the right to broadcast a boxing match between Saul "Canelo" Alvarez and Liam Smith and related undercard bouts. The program aired September 17, 2016.

Plaintiff claims that Defendants intercepted the program and displayed it to patrons at Taco Mich, a Mexican restaurant and bar operated by Defendants. *See* Doc.

16-3 at 5-8. Plaintiff filed suit seeking statutory damages for Defendants' alleged violations of the Communications Act of 1934 and the Cable and Television Consumer Protection and Competition Act of 1992, 47 U.S.C. §§ 553 and 605 *et seq.* Doc. 1.

Plaintiff served process on Defendants on November 14, 2017. Docs. 8, 9. The Clerk entered Defendants' default three weeks later after they failed to answer or otherwise respond to the complaint. Doc. 13. Plaintiff then filed the present motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Doc. 16.

**II.     Default Judgment.**

After default is entered by the clerk, the district court may enter default judgment pursuant to Rule 55(b). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Having reviewed the complaint and default judgment motion, the Court finds that the *Eitel* factors favor default judgment and an award of damages in the amount of $30,000.00 is warranted.

**A.     Possible Prejudice to Plaintiff.**

The first *Eitel* factor weighs in favor of default judgment. Defendants failed to

respond to the complaint or otherwise appear in this action despite being served with the complaint, the application for default, and the motion for default judgment. If Plaintiff's motion is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The prejudice to Plaintiff in this regard supports the entry of default judgment.

### B. Merits of the Claims and Sufficiency of the Complaint.

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standards. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). Plaintiff seeks relief under 47 U.S.C. § 605. To establish a violation of this statute, "a defendant must be shown to have (1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff." *Nat'l Subscription Television v. S & H TV*, 644 F.2d 820, 826 (9th Cir. 1981). Section 605 applies to satellite television signals. *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008).

Plaintiff alleges that Defendants willfully intercepted and displayed the licensed program to the public on September 17, 2016. Docs. 1 ¶¶ 9-14, 16 ¶ 4. These allegations are supported by the sworn affidavit of investigator Amanda Hidalgo, who visited Taco Mich on the night in question and saw the program being displayed on a 32-inch television. Doc. 16-4 at 2. Hidalgo witnessed two patrons inside the establishment. *Id.*

Because the well-pled factual allegations of the complaint are deemed true upon default, *see Geddes*, 559 F.2d at 560, Plaintiff has shown that Defendants violated § 605. The second and third factors favor default judgment.

### C. Amount of Money at Stake.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendants' conduct. A plaintiff may receive between $1,000 and $10,000 in statutory damages for each violation of § 605. 47 U.S.C. § 605(e)(C)(1)(2). The statutory damages may be enhanced by up to $100,000 where the

violation was willful and for purposes of commercial advantage or financial gain. § 605(e)(C)(2).

Plaintiff seeks $10,000 in statutory damages and $50,000 in enhanced damages for the § 605 violation. Doc. 16-1 at 14. Plaintiff cites cases that consider a host of factors in determining the amount of damages to be awarded under § 605: (1) the size of the establishment, (2) the number and size of screens displaying the broadcast, (3) advertising to attract customers, (4) cover charges, (5) premium prices for food and drink, (6) the need to deter future violations, (7) the difficulty in detecting piracy, and (8) the widespread loss that occurs through piracy. *Id.* at 15-16 (citing *J & J Sports Prods., Inc. v. Guzman*, No. CV-F-08-0091, 2008 WL 2682605, at *4-5 (E.D. Cal. July 1, 2008); *Kingvision Pay-Per-View, Ltd. V. Gutierrez*, 544 F. Supp. 2d 1179, 1185-86 (D. Colo. 2008).

Plaintiff has presented strong evidence of willfulness, noting that default judgment has been entered against Defendant Gonzalez Arvizu or her companies in six other piracy cases. *Id.* at 17. Plaintiff also has established the harm caused by the pirating of licensed broadcasts, and the need for an award that will serve as a deterrent to future violations. Doc. 16-5.

Even so, the other factors listed above do not support a substantial enhanced damages award. Only two patrons were seen in the establishment, there is no evidence of advertising to entice a larger crowd, and the program was shown on a single 32-inch television. Doc. 16-4 at 2. The establishment did not have a cover charge, and it does not appear that premium prices were charged for food and drink (the investigator paid $6.50 for two beers). *Id.* Plaintiff provides no evidence of significant earnings by Defendants on the night of the broadcast. The cost of the program for this establishment was only $1,800. Doc. 16-5 ¶ 8.

Having considered and balanced the relevant factors, the Court finds an enhanced damages award of $20,000.00 to be appropriate. This amount will be awarded in addition to statutory damages of $10,000.

### D. Possible Dispute Concerning Material Facts.

Given the sufficiency of the complaint and Defendants' default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177.

### E. Whether Default Was Due to Excusable Neglect.

Plaintiff properly served Defendants with the summons and complaint. Docs 8, 9. It therefore is unlikely that Defendants' failure to answer and the resulting default were due to excusable neglect. *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). This *Eitel* factor, like the other five discussed above, weighs in favor of default judgment.

### F. Policy Favoring a Decision on the Merits.

The last factor usually weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Moreover, Defendants' failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.* Stated differently, it is difficult to reach the merits when the opposing parties are absent. The Court therefore is not precluded from entering default judgment against Defendants. *See id.*; *Gemmel*, 2008 WL 65604, at *5.

### G. Conclusion.

Six of the seven *Eitel* factors favor default judgment, and one factor is neutral. The Court therefore concludes that default judgment is appropriate. The Court will award $10,000 in statutory damages enhanced by $20,000 for Defendants' willful conduct and deterrence purposes.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 16) is **granted**.
2. Default judgment is entered in favor of Plaintiff and against Defendants Francisca Angelica Gonzalez Arvizu, individually and d/b/a Taco Mich,

and Taco Mich & Bar #4, LLC, an unknown business entity d/b/a Taco Mich, in the amount of **$30,000.**

Dated this 15th day of February, 2018.

						David G. Campbell
						United States District Judge