1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9

10   J & J Sports Productions, Inc.,                  No. CV-17-03130-PHX-DGC

11               Plaintiff,                           **ORDER**

12   v.

13   Francisca Angelica Gonzalez Arvizu,
     individually and d/b/a/ Taco Mich; and
14   Taco Mich & Bar #4, LLC, an unknown
     business entity d/b/a Taco Mich
15
16               Defendants.

17

18

19          Plaintiff J & J Sports Productions has filed a motion for an award of attorneys'

20   fees and costs.  Doc. 18.  No response has been filed.  The Court will grant the motion in

21   part.

22          Plaintiff obtains licenses to distribute pay-per-view programming to bars and

23   restaurants.  Plaintiff claims that on September 17, 2016, Defendants intercepted a pay-

24   per-view boxing match and displayed it to the public at Taco Mich, a Mexican restaurant

25   and bar operated by Defendants.  Plaintiff brought this civil action seeking statutory

26   damages for violations of the Communications Act of 1934 and the Cable and Television

27   Consumer Protection and Competition Act of 1992, 47 U.S.C. §§ 553 and 605 *et seq.*

28   Doc. 1.

Defendants failed to answer or otherwise respond to the complaint. Docs. 12. Plaintiff was awarded default judgment in the amount of $30,000.00. Docs. 17.

Under the Communications Act, the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Pursuant to Local Rule of Civil Procedure 54.2, a party seeking to recover attorneys' fees must file a motion that includes a discussion of the eligibility and entitlement to fees and the reasonableness of the requested award. LRCiv 54.2(c). The supporting memorandum should include a consultation statement, the fee agreement, an itemized statement of fees, and an affidavit of moving counsel. LRCiv 54.2(d).

With respect to costs, Local Rule 54.1 directs prevailing party to "include a memorandum of the costs and necessary disbursements, so itemized that the nature of each can be readily understood, and, where available, documentation of requested costs in all categories must be attached." LRCiv 54.1(a).

## I. Attorneys' Fees.

Plaintiff seeks a fee award in the amount of $3,130 for 14.5 billable hours. Docs. 18 at 3, 18-4 at 10. The request includes $805.00 in fees for the work of an administrative assistant. Doc. 18-4 at 7-10. Although this individual occasionally engaged in substantive legal work under a lawyer's supervision, most of the work is secretarial in nature. Secretarial or clerical work is not properly included in an award of attorneys' fees. *See J & J Sports Prods., Inc. v. Mosqueda*, CV-12-00523-PHX-DGC, 2013 WL 5336848, at *3 (D. Ariz. Sept. 24, 2013) (citing *Schrum v. Burlington N. Santa Fe Ry. Co.*, No. CIV 04-0619-RCB, 2008 WL 2278137, at *12 (D. Ariz. May 30, 2008)). The Court is particularly reluctant to award fees for all of this work, as many of the itemized time entries appear to be a lawyer's review or duplication of the administrator's tasks. The Court has noted this same issue in ruling on Plaintiff's motions for attorneys' fees in other cases. *See Mosqueda*, 2013 WL 5336848, at *3; *J & J Sports Prods, Inc. v. Macia*, No. CV-13-00921-PHX-DGC, 2014 WL 3747608, at *1 (D. Ariz. July 30, 2014).

- 2 -

The Court will reduce the requested fee award by the amount sought for time spent by the administrative assistant on secretarial tasks. The Court, in its discretion, will award attorneys' fees of $2,900.00.[1]

## II. Costs.

A prevailing party is entitled to "the recovery of full costs" under the Communications Act. 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff seeks an award of costs in the amount of $1,330.71 for filing fees, service of process fees, courier charges, and investigative costs. Docs. 18 at 3, 18-4 at 10-11.

The statute has been interpreted as including investigative costs. *See Kingvision Pay-Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59, 67 (E.D.N.Y. 2006). Although the Court has the power to direct the recovery of such costs, it is not required to do so. *Id.* (citing *Int'l Cablevision, Inc. v. Noel*, 982 F. Supp. 904, 918 (W.D.N.Y. 1997)). Rather, "[i]n order to recover investigative costs a plaintiff must make a showing similar to that required to recover attorneys' fees," and the movant "must document (1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; and (3) why the investigators are qualified to demand the requested rate." *Id.* (internal citations and quotation marks omitted).

Plaintiff has submitted a $650 invoice from the investigator, but provides no explanation or supporting documentation for the reasonableness of this charge. Doc. 18-4 at 15. Plaintiff fails to describe the investigator's qualifications or identify her hourly rate. It is worth noting that the investigator spent less than a half hour in Defendants' establishment on the night in question. Doc. 16-4 at 2. The Court will not award costs for these investigative services.

Nor will the Court award costs for the $151.71 in courier charges. Doc. 18-4 at 10-11. Plaintiff provides no supporting documentation for these charges.

---

[1] Counsel for Plaintiff avows that he does not have a fee agreement with Plaintiff. Doc. 18-4 at 4. Counsel further states that a consultation statement is unavailable given that no Defendant has appeared in this action. *Id.* at 5.

**IT IS ORDERED:**

1. Plaintiff's motion for award of costs and attorneys' fees (Doc. 18) is **granted in part and denied in part** as set forth in this order.

2. Plaintiff is awarded **$2,900.00** in attorneys' fees.

3. Plaintiff is awarded **$529.00** for costs.

Dated this 4th day of April, 2018.

_____
David G. Campbell
United States District Judge